**MEAT AND HIGHWAY DRIVERS, DOCKMEN, HELPERS AND MISCELLANEOUS TRUCK TERMINAL EMPLOYEES, LOCAL UNION NO. 710, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 18091.

United States Court of Appeals District of Columbia Circuit.

Filed July 6, 1965.

See also 118 U.S.App.D.C. 287, 335 F.2d 709 (1964).

Before BAZELON, Chief Judge, and WASHINGTON and WRIGHT, Circuit Judges, in Chambers.

PER CURIAM:

On September 11, 1964, this court decreed that "the Board's order, * * * insofar as it pertains to the work standards clause, is remanded to the Board for decision in the light of the Court's opinion." Instead of deciding the work standards clause issue on the record already made, the Board, on December 3, 1964, issued an order reopening the record and remanding the proceeding to the Regional Director for further hearing before a Trial Examiner "for the purpose of receiving further evidence concerning the [union's] object in attempting to secure the union standards clause * * *."

In our opinion of June 25, 1964, in upholding the validity of work standards clauses against § 8(e) [1] attack, we stated:

"* * * [A] finding as to the object of one party to the contract is insufficient (standing alone) to support the conclusion that the contract itself violates § 8(e). *Under § 8(e), what the Congress has prohibited are certain contract terms, and—as contrasted with § 8(b) (4)—the union's object is not an element of the unfair labor practice.* To conclude that a contract term falling within the letter of § 8(e) properly falls within its prohibition, there must be either a finding that both parties understood and acquiesced in a secondary object for the term, or a finding that secondary consequences within § 8(e)'s intendment would probably flow from the clause, in view of the economic history and circumstances of the industry, the locality, and the parties.

"Since, in deciding this case, the Board did not have the benefit of our recently decided cases on work standards clauses, and since it is uncertain whether it would have concluded as it did had it applied the proper standard, we will remand this issue to the Board for reconsideration in the light of the principles announced in this case and the cases herein relied upon." Meat and Highway Drivers, Dockmen, etc. v. N. L. R. B., 118 U.S.App.D.C. 287, 294–295, 335 F.2d 709, 716–717 (1964). (Emphasis supplied; footnotes omitted.)

The Board's order reopening the record to receive further evidence concerning the union's object in securing the union standards clause is not responsive to our remand. The Board gave additional subsidiary reasons for reopening the record which may accord with our remand, but since this matter has been in litigation for several years, during which time operation of the work standards clause of the contract has been suspended, we find that the interests of justice require that the clause be allowed to go into effect so that the Board, in a proper proceeding applying the principles announced in our opinion of June 25, 1964, can determine by its operation whether it violates § 8 (e). See Truck Drivers Union Local No. 413, etc. v. N. L. R. B., 118 U.S.App.D.C. 149, 158, 334 F.2d 539, 548 (1964).

So ordered.

1. 73 STAT. 543, 29 U.S.C. § 158(e).